**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**STANDARD FORWARDING FREIGHT, LLC**<br><br>    **Alleged Debtor.** | **CHAPTER 7<br>INVOLUNTARY**<br><br>**CASE NO. 26-56193-JRS** |

**MOTION OF STANDARD FORWARDING FREIGHT, LLC FOR ENTRY OF AN
ORDER CONVERTING THE INVOLUNTARY CASE TO CHAPTER 11
PURSUANT TO 11 U.S.C. § 706(a)**

COMES NOW, Standard Forwarding Freight, LLC ("SFF"), by and through the undersigned counsel, hereby moves for entry of an order converting the above-captioned involuntary chapter 7 case (the "Involuntary Case") to a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to Bankruptcy Code section 706(a) (the "Motion"). In support of the Motion[1], SFF shows the Court as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b).

3.      Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates of the relief requested herein are Bankruptcy Code sections 348(a) and 706(a) and rules 1017(f) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Concurrently with this Motion, SFF files its Answer to the Involuntary Petition.

1

## BACKGROUND

5.      SFF is a Georgia limited liability company formed in 2024.

6.      On or about January 1, 2025, SFF acquired certain assets of a trucking logistics and distribution business from Standard Forwarding LLC, an entity owned and operated by DHL Group.

7.      SFF managed and operated the trucking logistics and distribution business from leased and owned distribution terminals located in Illinois, Indiana, Iowa, Minnesota, and Wisconsin.

8.      In December 2025, SFF made the determination to reevaluate its trucking business due to market changes in the industry.

9.      Since December 2025, SFF has been in the process terminating leases, collecting accounts receivable, resolving debts with vendors, and liquidating trucking equipment.

10.     SFF has been a party to litigation regarding debt owed to alleged creditors, including civil litigation with petitioning creditors Central States, Southeast and Southwest Areas Pension Fund ("Central States Pension Fund") and Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States Health Fund") in the United States District Court for the Northern District of Illinois, Eastern Division (Case No. 26-cv-222).

11.     On May 7, 2026 (the "Petition Date"), three of SFF's alleged creditors, Central States Pension Funds, Central States Health Fund, and Wisconsin Health Fund (collectively, the "Petitioning Creditors"), filed an involuntary bankruptcy petition against SFF (the "Involuntary Petition") (Doc. No. 1), thereby commencing the Involuntary Case.

12.     Prior to the filing of the Involuntary Petition, SFF had been evaluating the business opportunities relating to its real property, including marketing and selling said terminals

2

to be used as data centers for artificial intelligence ("AI") due to the growing market and need for such data centers to support the demand of AI technologies for industrial and consumer use. In the meantime, SFF was also considering leasing the owned terminals to generate income to pay creditors.

13.     SFF has determined that chapter 11 presents the most favorable option for maximizing recoveries for its estate, its creditors, and other parties-in-interest.

14.     Upon conversion of the Involuntary Case to chapter 11, SFF will continue to operate its business and manage its assets and affairs as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

15.     By this Motion, SFF seeks entry of an order converting the Involuntary Case to a voluntary case under chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. § 706(a).

16.     Section 706(a) of the Bankruptcy Code states that a "debtor may convert a case under this chapter to a case under chapter 11 . . . at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a); *see In re J.B. Lovell Corp.*, 876 F.2d 96, 97 (11th Cir. 1989) ("Under section 706, the Code grants debtors a one-time absolute right to voluntarily convert a chapter 7 proceeding against them into a chapter 11 reorganization proceeding. . . .") (evaluating whether an appeal by an alleged debtor subject to an involuntary chapter 7 petition was moot on the basis that the alleged debtor subsequently filed a motion to convert to a voluntary case under chapter 11 which was subsequently granted by the bankruptcy court).

17.     Conversion pursuant to section 706(a) of the Bankruptcy Code is available to both voluntary and involuntary debtors. *See* 876 F.2d at 97 ("This conversion right is . . . based on the

3

policy that debtors should be given the opportunity to repay their debts rather than be subject to involuntary liquidation") (citations omitted); *see also In re Zarifian Enters., LLC*, No. 24 B 06598, 2024 Bankr. LEXIS 3078 (Bankr. N.D. Ill. Dec. 17, 2024) (granting debtor's motion to convert its involuntary chapter 7 case to chapter 11 after the order of relief was granted).

18.     The only limit placed on a debtor's conversion right is under section 706(d) which provides that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). *See In re Joung*, No. 7-10-15997 JL, 2011 Bankr. LEXIS 2302, at *6 (Bankr. N.M. June 10, 2011) ("Thus, consistent with *Marrama* [*v. Citizens Bank*, 549 U.S. 365 (2007)], when a debtor acts in bad faith in connection with his or her bankruptcy case, it may be appropriate to deny such debtor's request to convert from Chapter 7 to Chapter 11 under 11 U.S.C. § 706(a).").

19.     Furthermore, the "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief" 11 U.S.C. § 348(a). Therefore, if the Motion is granted, the conversion of the Involuntary Case to chapter 11 will constitute an "order of relief" pursuant to the Bankruptcy Code section 348(a) as of May 7, 2026.

20.     Here, the Involuntary Case is eligible for conversion to chapter 11 as a matter of right pursuant to Bankruptcy Code section 706(a) since the case has not previously been converted from any other chapter pursuant to sections 1112, 1307, or 1208 and an order of relief has not yet been entered in the Involuntary Case.

21.     In addition, SFF is not disqualified from exercising its right to convert the Involuntary Case pursuant to Bankruptcy Code section 706(d) because, as a Georgia limited

4

liability company, SFF is eligible to be a debtor under section 109(a). SFF seeks to convert its case to maximize recoveries for its creditors and other parties-in-interest.

WHEREFORE, SFF requests that the Court enter an order converting the Involuntary Case to a voluntary case under chapter 11, that the Court enter an order for relief under chapter 11, and grant such other relief as may be just and proper.

Respectfully submitted this 29th day of May, 2026.

**JONES & WALDEN LLC**

*/s/ Adam E. Ekbom*
Leon S. Jones
Georgia Bar No. 003980
Adam E. Ekbom
Georgia Bar No. 919724
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
aekbom@joneswalden.com
*Counsel for Alleged Debtor*

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**STANDARD FORWARDING FREIGHT, LLC**<br><br>　　　**Alleged Debtor.** | **CHAPTER 7**<br>**INVOLUNTARY**<br><br>**CASE NO. 26-56193-JRS** |

**CERTIFICATE OF SERVICE**

This is to certify that on this day the foregoing *Motion of Standard Forwarding Freight, LLC for Entry of an Order Converting the Involuntary Case to Chapter 11 Pursuant to 11 U.S.C. § 706(a)* (the "Motion") was electronically filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Office of the United States Trustee**　ustpregion21.at.ecf@usdoj.gov
- **Graham H. Stieglitz**　gstieglitz@burr.com, brobinson@burr.com

I further certify that on the date indicated below, I served a true and correct copy of the Motion to the parties listed below via U.S. First Class Mail, postage prepaid:

Wisconsin Health Fund
6200 W Bluemound Road
Milwaukee, WI 53213

Central States, Southeast and Southwest
Areas Health and Welfare Fund
8647 W Higgins Road
Chicago, IL 60631-2803

Central States, Southeast and Southwest
Areas Pension Fund
8647 W Higgins Road
Chicago, IL 60631-2803

This 29ᵗʰ day of May, 2026.

　　　　　　　　　**JONES & WALDEN LLC**

　　　　　　　　　*/s/ Adam E. Ekbom*
　　　　　　　　　Adam E. Ekbom
　　　　　　　　　Georgia Bar No. 919724
　　　　　　　　　699 Piedmont Avenue NE
　　　　　　　　　Atlanta, Georgia 30308
　　　　　　　　　(404) 564-9300
　　　　　　　　　aekbom@joneswalden.com
　　　　　　　　　*Counsel for Alleged Debtor*